UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                                                       :

In re:                                                               :    Case No. 02-41729 (SHL)

ADELPHIA COMMUNICATIONS CORP., et al.,    :    Chapter 11 (Jointly Administered)

                Reorganized Debtors.    :

------------------------------------------------------------------- x

ADELPHIA COMMUNICATIONS CORP. and
QUEST TURNAROUND ADVISORS, LLC    :    Adversary Proceeding No.
                                                      :    19-01027 (SHL)

        Plaintiffs,

v.                                                            :    **MOTION FOR RECONSIDERATION OR REARGUMENT**

U.S. SPECIALTY INSURANCE COMPANY,

        Defendant.

------------------------------------------------------------------- x

Defendant U.S. Specialty Insurance Company ("U.S. Specialty"), by and through counsel and pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Rule 9024 of the Federal Rules of Bankruptcy Procedure, and Local Rule 9023-1, hereby moves for reconsideration and/or reargument with respect to the Court's March 17, 2022 Memorandum Decision [ECF No. 39] (the "Memorandum Decision") on the cross-motions for summary judgment filed by U.S. Specialty and Plaintiffs Adelphia Communications Corporation ("Adelphia") and Quest Turnaround Advisors LLC ("Quest") [ECF Nos. 25-26].[1] In particular, U.S. Specialty respectfully requests

---

[1] U.S. Specialty's motion to withdraw the reference to bankruptcy court is fully briefed and awaiting a decision by the District Court. *See Adelphia Commc'ns Corp v. U.S. Specialty Ins. Co.*, Case No. 1:19-cv-03191-PGG (S.D.N.Y) (ECF Nos. 1, 3, 7, 11). By filing this motion, U.S. Specialty does not waive its right to have final orders in noncore matters entered only after *de novo* review by the District Court. *See* Answer at 1 [ECF No. 8].

1

that the Court expressly consider and address the issue of whether the Fee Exclusion applies to bar coverage for at least a portion of the underlying Claim, such that an allocation to uncovered loss under the Policy will be required during Phase 2 of this adversary proceeding. The Court may recall that the allocation issue was expressly reserved for Phase 2 of this adversary proceeding.

The principal issue raised on the cross-motions was whether the Fee Exclusion in the U.S. Specialty Policy bars coverage for the underlying Claim at issue, which consists of two motions to remove Quest as Plan Administrator (the "Underlying Motions"). U.S. Specialty asserted that the Exclusion bars coverage in full, whereas Quest asserted that the Exclusion does not apply at all. [ECF Nos. 25-28]. As the Court acknowledged at oral argument, coverage under the Policy is not an all or nothing proposition, as Policy Condition (D)(3) requires an allocation between covered Loss and uncovered loss when a Claim includes both covered and uncovered matters. *See* Transcript of Dec. 16, 2020 Hearing on Cross-Motions at 79:11-23 [ECF No. 37] (discussing the need for an allocation during "Phase 2" of this bifurcated adversary action, if the Court holds that any portion of the Claim is not covered); Joint Stmt. of Undisputed & Material Fact ¶ 33 [ECF No. 24]; *see also* U.S. Specialty Mem. in Supp. of Cross-Mot. for Summ. J. at 9 [ECF No. 26-1].[2]

While U.S. Specialty maintains that no allocation should be necessary because the Fee Exclusion bars coverage in full for the Underlying Motions, the Memorandum Decision concludes

---

[2] Specifically, Condition (D)(3) provides: "If **Loss** covered by this Policy and loss not covered by this Policy are both incurred in connection with a single **Claim**, … because the **Claim** includes both covered and uncovered matters, … the **Insureds** and the Insurer agree to use their best efforts to determine a fair and proper allocation of all such amounts, taking into account the relative legal and financial exposures of the parties to the **Claim** and the relative benefits to be obtained by the resolution of the **Claim**. The Insurer will be obligated to pay only those amounts or portions of **Loss** allocated to covered matters claimed against **Insureds**. If the **Insureds** and the Insurer are unable to agree upon an allocation, then until a final allocation is agreed upon or determined pursuant to the provisions of this Policy and applicable law, the Insurer will be obligated to make an interim payment of that amount or portion of **Loss**, including **Defense Costs**, which the parties agree is not in dispute." Joint Stmt. of Undisputed & Material Fact ¶ 33 [ECF No. 24].

2

otherwise. [ECF No. 39]. The Memorandum Decision does not, however, specifically address whether or not the Fee Exclusion warrants an allocation to uncovered loss. For the following reasons, U.S. Specialty respectfully requests that the Court reconsider whether the Fee Exclusion applies to bar coverage for the Underlying Motions *at least* in part, thereby necessitating an allocation to uncovered loss in an amount to be determined in Phase 2 of this case. Joint Stmt. of Undisputed & Material Fact ¶ 35 n.1 [ECF No. 24] (discussing bifurcation of case).

The Underlying Motions focused in substantial part on whether Quest was entitled to receive the amounts it was paid during periods in which it did not staff the engagement under the Plan Administrator Agreement with two full-time managing directors and one-full time director. [ECF No. 24-6 ¶¶ 13-15, 34; ECF No. 24-10 ¶ 2]. In other words, the Underlying Motions focused in part on whether the amounts that were paid to Quest *were properly due* to Quest given its alleged failure to staff the engagement with the required number of full-time directors. U.S. Specialty submits that *at least* this portion of the Claim must fall within the plain scope of the Fee Exclusion.

In concluding otherwise, the Court reasoned that the "due or allegedly due for … services provided" language in the Fee Exclusion adds a temporal limitation that prevents the Exclusion from applying when the fee or other compensation was previously paid to Quest. [ECF No. 39 at 17-18]. This was erroneous and contravenes binding rules of policy interpretation, under which policy language must be applied according to its plain meaning. *See, e.g., Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995). "Due" is an adjective, not a present tense verb, and means "*owed or owing* as a debt." Due, MERRIAM-WEBSTER ONLINE, https://www.merriamwebster.com/dictionary/due (last visited Mar. 29, 2022) (emphasis added); *Michael Cetta, Inc. v. Admiral Ins. Co.*, 506 F. Supp. 3d 168, 176 (S.D.N.Y. 2020) (when a policy does not define a word, the lack of a definition does not create an ambiguity, and warrants recourse

3

to dictionary definitions).  Precisely for this reason, Plaintiffs tried to insert the word "is" into the Fee Exclusion before "due" [ECF No. 25 at 1], but Plaintiffs cannot rewrite the exclusion to insert a textually-unsupported tense limitation.  *Gov't Emp. Ins. Co. v. Kligler*, 42 N.Y.2d 863, 864 (1977) ("[W]here the provisions of the policy are clear and unambiguous, … courts should refrain from rewriting the agreement.").  Whether the fees in question *are* due for services provided or instead *were* due for services provided does not affect the extent to which the exclusion applies—nor have Plaintiffs offered any explanation as to why this distinction would have any relevance.

The case on which Plaintiffs relied in support of adding this limitation, and which the Court found persuasive, *Chubb Custom Insurance Co. v. Grange Mutual Casualty Co.*, 2011 WL 4543896 (S.D. Ohio 2011), is distinguishable.  Unlike the Fee Exclusion in the U.S. Specialty Policy, the fee exclusion at issue in *Grange* was a narrow-form exclusion which applied to Claims "for" the amounts in question, unlike the Fee Exclusion at issue here, which applies to Claims "arising out of" compensation, which connotes a looking-back in time from when the Claim was filed.  *See Mgmt. Specialists, Inc. v. Northfield Ins. Co.*, 117 P.3d 32, 37 (Colo. App. 2004) ("arising out of" looks to the past to see whether the dispute would have existed "but for" the subject of the exclusion).  Moreover, the exclusion in *Grange* used the present tense in referring to "any amounts *which constitute* benefits, coverage or amounts due or alleged due…" [ECF No. 39 at 18 (quoting *Chubb v. Grange*, 2011 WL 4543896, at *3) (emphasis added)].  The Fee Exclusion here does not.  *Grange* thus does not support adding a temporal limitation.

While *at least* an allocation to uncovered loss is warranted because of the portions of the Underlying Motions pertaining to compensation previously paid to Quest, U.S. Specialty believes that the error in adding a temporal limitation to the Exclusion warrants full reconsideration of the Memorandum Decision.  However, U.S. Specialty does not seek leave to reargue its motion in full

4

at this time, and will timely address the issue with the District Court after this Court enters its proposed findings of fact and conclusions of law following the conclusion of Phase 2 of this adversary proceeding. *See Adelphia Commc'ns Corp v. U.S. Specialty Ins. Co.*, Case No. 1:19-cv-03191-PGG (S.D.N.Y), ECF No. 3 at 8 (asserting that the Bankruptcy Court does not have constitutional authority to enter final judgment in this matter, and that this matter is non-core). To that end, further clarification of the Memorandum Decision's impact on the applicability (or inapplicability) of the allocation provision in the U.S. Specialty Policy, Condition (D)(3), will further guide the conduct and/or negotiated scope of Phase 2 of this proceeding.

For all of these reasons, U.S. Specialty respectfully requests that the Court reconsider its Memorandum Decision and conclude that the Fee Exclusion bars coverage *at least* in part for the Underlying Motions, thereby creating the need for an allocation pursuant to Condition (D)(3), in an amount to be determined in Phase 2 of this proceeding.

Dated: March 31, 2022	CLYDE & CO US LLP

By: */s/ Scott Schwartz*
Scott Schwartz
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Telephone: (212) 710-3900
Facsimile: (212) 710-3950
Scott.Schwartz@clydeco.us

Douglas M. Mangel (admitted *pro hac vice*)
Joseph A. Bailey III (*pro hac vice* mot. pending)
1775 Pennsylvania Avenue, N.W., Suite 400
Washington, DC 20006
Telephone: (202) 747-5100
Facsimile: (202) 747-5150
Doug.Mangel@clydeco.us
Joseph.Bailey@clydeco.us

*Attorneys for U.S. Specialty Insurance Company*