**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| ADELPHIA COMMUNICATIONS CORP., *et al.* | Case No. 02-41729 (SHL) |
| | |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------------x

| | |
|---|---|
| ADELPHIA COMMUNICATIONS CORP. and QUEST TURNAROUND ADVISORS, LLC, | |
| | |
| Plaintiffs, | |
| vs. | |
| | Adv. Pro. No. 19-01027 (SHL) |
| U.S. SPECIALTY INSURANCE COMPANY, | |
| | |
| Defendant. | |

---------------------------------------------------------------x


### MEMORANDUM OF DECISION AND ORDER


**A P P E A R A N C E S:**


**MASINI, VICKERS, RUKSAKIATI & HADSELL, P.C.**
*Counsel for Adelphia Communications Corp. and Quest Turnaround Advisors, LLC*
  By:   Thomas A. Vickers, Esq.
150 S. Wacker Drive, 24th Floor
Chicago, Illinois 60606


**WOLLMUTH MAHER & DEUTSCH LLP**
*Counsel for Adelphia Communications Corp. and Quest Turnaround Advisors, LLC*
  By:   Paul R. DeFilippo, Esq.
        Lyndon M. Tretter, Esq.
500 Fifth Avenue
New York, New York 10010


**CLYDE & CO US LLP**
*Counsel for U.S. Specialty Insurance Company*
  By:   Scott Schwartz, Esq.
405 Lexington Avenue, 16th Floor
New York, New York 10174


        -and-

By:   Douglas M. Mangel, Esq.
        Joseph A. Bailey III, Esq.
1775 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20006

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of U.S. Specialty Insurance Company ("U.S. Specialty")

for reconsideration or reargument [ECF No. 42] (the "Reconsideration Motion") of this Court's

memorandum of decision dated March 17, 2022 [ECF No. 39] (the "Decision").[1]   The Decision

granted the summary judgment motion of Adelphia Communications Corp. ("Adelphia") and

Quest Turnaround Advisors, LLC ("Quest," and together with Adelphia, the "Plaintiffs") and

denied the summary judgment motion of U.S. Specialty.  *See Plaintiffs' Combined Mot. and*

*Supp. Mem. Pursuant to Local Bankruptcy Rule 7056-1, for Entry of an Order (A) Granting*

*Plaintiffs Summ. J. on Count I of their Compl. (Declaratory J.) (Adv. Proc. No. 19-01027, Doc.*

*1, Filed 02/20/19); and (B) Granting Plaintiffs Summ. J. as to Liability on Count II of their*

*Compl. (Breach of Contract) (Adv. Proc. No. 19-01027, Doc. 1, Filed 02/20/19)* [ECF No. 25]

(the "Plaintiffs' SJM"); *Mem. Of Law in Supp. of Defendant U.S. Specialty Insurance*

*Company's Cross Mot. for Summ. J.* [ECF No. 26].  For the reasons set forth below, the

Reconsideration Motion is denied.

---

[1]      Unless otherwise indicated, references in this Order to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Adversary Proceeding No. 19-01027.

## BACKGROUND

While familiarity with the Decision is presumed, the Court will provide a brief summary

of the background.  *See also In re Adelphia*, 2022 Bankr. LEXIS 682 (Bankr. S.D.N.Y. Mar. 17,

2022).  In June 2002, Adelphia and its affiliated debtors filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code.  *See* Case No. 02-41729 [ECF No. 1].  The Court

subsequently confirmed the *Fifth Amended Joint Chapter 11 Plan for Adelphia Communications*

*Corporation and Certain of its Affiliated Debtors* (the "Plan") and the Plan became effective

shortly thereafter.  *See Joint Statement of Undisputed and Material Facts* ¶¶ 1-2 [ECF No. 24]

(the "SUF").  The Plan dissolved Adelphia's Board of Directors and vested the rights, powers

and executive authority of the Board in a new fiduciary known as the "Plan Administrator."  *See*

SUF ¶ 2.  Quest and Adelphia executed an agreement that provided for the retention of Quest as

the Plan Administrator (the "Plan Administrator Agreement").  *See* SUF ¶ 3; *see also* Plan

Administrator Agreement, attached as Exhibit A to the SUF.

In 2017, U.S. Specialty began insuring Quest under the Policy[2] in Quest's capacity as Plan

Administrator.  *See* SUF ¶¶ 7-8.  The basic coverage grant of the Policy provides that U.S.

Specialty "will pay to or on behalf of the **Insured Organization** [any] **Loss** arising from **Claims**

first made against it during the **Policy Period** . . . for **Wrongful Acts**."[3]  Policy at Insuring

Agreement (B); *see also* SUF ¶ 10.  But Endorsement No. 15 of the Policy excludes from

coverage "any payment of **Loss** in connection with a **Claim** arising out of, based upon or

attributable to any fee or other compensation due or allegedly due in return for any service

---

[2]      Unless otherwise defined, capitalized terms are given the meaning ascribed to them in the Decision.

[3]      Terms defined in the Policy are in boldface type.

provided pursuant to the [Plan Administrator Agreement]." Policy at Endorsement No. 15, Section 5 (the "Fee Exclusion"); *see also* SUF ¶ 12.

In February 2018, creditor Solus Alternative Asset Management, L.P. ("Solus") filed a motion in Adelphia's bankruptcy proceeding seeking, among other things, removal of Quest as Plan Administrator for cause (the "Original Motion").[4] *See* SUF ¶ 22. Adelphia and Quest opposed the relief requested by the Movants and the Court held an evidentiary hearing on the Amended Motion in October 2018. *See* SUF ¶¶ 23, 27, 30-31. Adelphia, Quest and the Movants ultimately entered into a settlement agreement resolving the disputes raised in the Solus Motions, terminating the Plan Administration Agreement and appointing a new Plan Administrator. *See* SUF ¶ 32; *Stipulation and Consent Order With Respect to (A) Motion of Solus Alternative Asset Management LP and ACC Claims Holdings LLC, (B) Second Amendment to Plan Administrator Agreement, and (C) Appointment of Successor Administrator*, attached as Exhibit P to the SUF [ECF No. 24-16]. Adelphia and Quest then sought coverage under the Policy for the fees, costs and expenses they incurred in defending the Solus Motions.

On summary judgment, U.S. Specialty argued that the Fee Exclusion precluded coverage because the Solus Motions related to fees owed to Quest. *See* SUF ¶ 36. The Plaintiffs countered that the Fee Exclusion was inapplicable because it applies to a "fee or other compensation *due or allegedly due*"—that is, fees that had not yet been paid—whereas the Solus Motions sought termination of Quest as Plan Administrator and related to fees that were already paid to Quest. Policy at Endorsement No. 15, Section 5 (emphasis added); *see* SUF ¶ 37.

---

[4]     The Original Motion was subsequently amended by Solus and ACC Claims Holdings, LLC (together with Solus, the "Movants" in June 2018 (the "Amended Motion" and together with the Original Motion, the "Solus Motions"). *See* SUF ¶ 26.

In the Decision, the Court held that the language of the Fee Exclusion narrowed its applicability as a temporal matter to those fees that were "due or allegedly due in return of any services provided" and that the position taken by U.S. Specialty read this language out of the Policy. *See* Decision at 22-23. The Court noted that the fees discussed in the Solus Motions related to fee arrangements for work that had yet to be performed or fees that had already been paid. *See id.* at 17-21. Nothing in the Solus Motions related to fees that were "due or allegedly due." *See id.*

## DISCUSSION

### A. Applicable Legal Standards

U.S. Specialty seeks reconsideration or reargument of the Decision under Rule 60(b) of the Federal Rules of Civil Procedure, Rule 9024 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9023-1.[5] But when reconsideration is sought, two rules are often cited.

The first rule is Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied . . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "A motion to amend the judgment will be granted only if the movant presents matters or

---

[5] While Local Rule 9023-1 does not apply to motions made under Bankruptcy Rule 9024 the Court will interpret the reference to the Local Rule as a request under Rule 9023 of the Federal Rules of Bankruptcy Procedure. *See* Comment to Local Rule 9023-1 ("This rule does not apply to motions made under Bankruptcy Rule 3008 or 9024."). Local Bankruptcy Rule 9012-1 provides that "a motion for reargument of a court order determining a motion must be served within fourteen . . . days after entry of the Court's order . . . ." Local. Bankr. R. 9023-1. "The motion must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." *Id.* Moreover, "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter e re-argued orally." *Id.* In accordance with the Local Rule, the Court has chosen not to hold oral argument on the Reconsideration Motion.

controlling decisions which the court overlooked that might have materially influenced its earlier

decision." *In Design v. Lauren Knitwear Corp.*, 1992 WL 42911, at *1 (S.D.N.Y. Feb. 24, 1992)

(citing *Morser v. AT & T Information Systems,* 715 F. Supp. 516, 517 (S.D.N.Y. 1989);

*Travelers Insurance Co. v. Buffalo Reinsurance Co.,* 739 F. Supp. 209, 211 (S.D.N.Y. 1990)).

Such a request for relief "is not a vehicle for relitigating old issues, presenting the case

under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the

apple.'" *Tonga Partners,* 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144

(2d Cir. 1998)).  Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with

additional matters.'" *Cruz v. Barnhart*, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006)

(quoting *Carolco Pictures Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  "Arguments

raised for the first time on a motion for reconsideration are therefore untimely." *Cruz*, 2006 WL

547681, at *1 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d

97, 115–16 (2d Cir. 2001)).  "[I]t is improper for the movant to present new material 'because[,]

by definition[,] material that has not been previously presented cannot have been previously

"overlooked" by the court.'" *In Design*, 1992 WL 42911, at *1 (quoting *Consolidated Gold*

*Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989)).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality

and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.,*

113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu–Cape*

*Construction, Inc.,* 169 F.R.D. 680, 685 (M.D. Fla. 1996)).  The burden rests with the movant.

*See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).

The second rule is Rule 60(b) of the Federal Rules of Civil Procedure, which lists six

grounds upon which a court may relieve a party from a final judgment, order or proceeding:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The burden of proof on a Rule 60(b) motion is on the movant and is "properly granted only upon a showing of exceptional circumstances."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  "A motion under Rule 60(b) is addressed to the sound discretion of the trial court."  *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002).  When determining Rule 60(b) motions, courts "balance fairness considerations present in a particular case against the policy favoring the finality of judgments."  *Williams v. N.Y.C. Dep't of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (citing *Kotlicky*, 817 F.2d at 9).

While U.S. Specialty does not specify the subsections of Rule 60(b) that it relies upon, Rules 60(b)(1) and 60(b)(6) seem to best fit the relief requested.[6]  Rule 60(b)(1) provides for relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Under this subsection, a court may "correct its own mistakes that are of a substantive legal nature . . . and its own mistake[s] of fact."  *Castro v. Bank of N.Y. Mellon*, 852 Fed. Appx. 25, 28 (2d Cir. 2021).  But Rule 60(b)(1) "will not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed."  *Francis v. Culley*, 2021 U.S. Dist. LEXIS 156084, at *35 (E.D.N.Y.  July 20, 2021) (internal citations and quotations omitted).

---

[6]    The other subsections of Rule 60(b) appear inapplicable to the issues raised in the Reconsideration Motion.

Rule 60(b)(6) grants authority to do so for "any other reason that justifies relief" (Fed. R. Civ. P. 60(b)), and only applies "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule" and "there are extraordinary circumstances justifying relief." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). "As (b)(6) applies only when no other subsection is available, grounds for relief may not be mistake, inadvertence, surprise or excusable neglect." *Nemaizer*, 793 F.2d at 63.

The Second Circuit has held that Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986), *cert. denied,* 480 U.S. 908 (1987)). But the rule is only "properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship." *Id.* at 56 (quoting *Matarese,* 801 F.2d at 106). "[A]n error in legal interpretation does not constitute 'extraordinary circumstances.'" *In re Enron Corp.*, 352 B.R. 363, 369 (Bankr. S.D.N.Y. 2006). "'[A] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *In re Enron*, 352 B.R. at 369 (quoting *US v. Int'l Bhd. Of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001)). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *In re Enron Corp.*, 2003 WL 1562202, at *12 (Bankr. S.D.N.Y. Mar. 21, 2003) (quoting *Nemaizer,* 793 F.2d at 61)). "Rule 60(b)(6) is not ... a substitute for an appeal from an erroneous judgment." *In re Enron*, 352 B.R. at 369 (quoting *In re Teligent, Inc.,* 306 B.R. 752, 761 (Bankr. S.D.N.Y. 2004)) (omission in the original).

**B.  Defendant's Arguments Regarding Reconsideration**

Applying these principles here, the Court finds no basis for reconsideration.  In the

Reconsideration Motion, U.S. Specialty raises a provision of the Policy that allows for an

allocation between covered and uncovered Losses, asserting that the Decision fails to address

whether the Fee Exclusion warrants an allocation for uncovered losses.  *See* Reconsideration

Motion at 2 (citing to Condition (D)(3) of the Policy).[7]  U.S. Specialty then requests that the

Court reconsider whether the Fee Exclusion bars coverage for at least a portion of the fees

underlying the Claim.  *See id.* at 3.  Specifically, U.S. Specialty asserts that the Solus Motions

raised the issue of whether certain fees that were already paid had in fact been properly due, and

argues that the portions of the Claim relating to those fees must fall within the Fee Exclusion.

*See id.*

In the Decision, the Court acknowledged that the proceedings in this adversary

proceeding have been bifurcated between coverage and damages.  *See* Decision at 2 n.2.  To the

extent that allocation under Condition (D)(3) of the Policy is applicable, it will be addressed by

the Court during the damages phase of this case.  The reason that the Decision did not explicitly

address the issue of allocation under Condition (D)(3) is because the Court determined that the

---

[7]      Condition (D)(3) of the Policy provides:

If **Loss** covered by this Policy and loss not covered by this Policy are both incurred in connection
with a single **Claim**, … because the **Claim** includes both covered and uncovered matters, … the
**Insureds** and the Insurer agree to use their best efforts to determine a fair and proper allocation of
all such amounts, taking into account the relative legal and financial exposures of the parties to the
**Claim** and the relative benefits to be obtained by the resolution of the **Claim**. The Insurer will be
obligated to pay only those amounts or portions of **Loss** allocated to covered matters claimed
against **Insureds**. If the **Insureds** and the Insurer are unable to agree upon an allocation, then until
a final allocation is agreed upon or determined pursuant to the provisions of this Policy and
applicable law, the Insurer will be obligated to make an interim payment of that amount or portion
of **Loss**, including **Defense Costs**, which the parties agree is not in dispute.

SMF ¶ 33.

Fee Exclusion does not cover any of the fees addressed in the Solus Motions. *See* Decision at

19-20. This includes the portion of the fees that U.S. Specialty argues were not properly due to

Quest. *See generally* Decision at 17-24. It is clear that U.S. Specialty does not ask this Court to

reconsider the Decision based on new facts or law, but simply because U.S. Specialty finds the

Court's holding to be "erroneous." Reconsideration Motion at 3. But that is not a basis for

reconsideration.

In the Reconsideration Motion, U.S. Specialty also offers additional arguments regarding

the language of the Fee Exclusion—specifically on the meaning of the word "due"—and seeks to

distinguish a case upon which the Decision relies. *See id.* at 3-4. But these issues were already

raised in part in the Plaintiffs' opening motion for summary judgment. *See* Plaintiffs' SJM at 7-

10 (noting that "[t]here is a clear temporal, and legally significant, aspect to the Fee Exclusion.

By its plain language the exclusion bars coverage only for unpaid claims of fees 'due or

allegedly due' to Quest for services 'provided' by Quest'" and discussing the meaning of the

word "due," including an extensive discussion of *Chubb Custom Ins. Co. v. Grange Mut. Cas*

*Co.*, 2011 U.S. Dist. LEXIS 111583 (S.D. Ohio September 29, 2011)). The appropriate time for

U.S. Specialty to raise any further arguments on the meaning of the word "due" was in its

summary judgment papers. But summary judgment was fully briefed, argued, and decided, with

the Decision now on appeal. To the extent that U.S. Specialty disagrees with the reasoning of

the Decision, its recourse is to raise those issues in appellate review. *See Tonga Partners,* 684

F.3d at 52 (Rule 59 request "is not a vehicle for relitigating old issues, presenting the case under

new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the

apple.'") (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998); *Francis v.*

*Culley*, 2021 U.S. Dist. LEXIS 156084, at *35 (Rule 60(b)(1) "will not provide a movant an

additional opportunity to make arguments or attempt to win a point already carefully analyzed

and justifiably disposed.") (internal citations and quotations omitted).

## CONCLUSION

For the reasons stated above, the Reconsideration Motion is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
       May 27, 2022

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE